IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LEE POLLARD,

    Plaintiff,

vs.

WACKENHUT CORRECTIONAL CORP., et al.,

    Defendants.

CV F 01 6078 OWW WMW  P

FINDINGS AND RECOMMENDATION

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff seeks relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

A Bivens cause of action is a judicially created counterpart to 42 U.S.C. § 1983 for claims against federal officers. Since federal officials do not ordinarily act under color of state law, constitutional violations by federal officials are generally beyond the reach of § 1983. Bivens established that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Bivens, 403 U.S. at 396.

This action proceeds on the first amended complaint. Plaintiff brings this action against individual defendants employed by Wackenhut Correctional Corporation at the Federal

1

Correctional Institution at Taft.  FCI Taft is a federal correctional facility operated under contract for the U.S. Bureau of Prisons by Wackenhut.  The defendants names in this action are employees of Wackenhut.   Plaintiff brings this complaint against Wackenhut Corrections Corp., and "several unknown named agents." Plaintiff complaints of certain conditions of his confinement.  Plaintiff specifically alleges that he was injured as a result of a wet and slippery floor in the butcher shop.  Plaintiff also alleges facts that suggest he was subjected to inhumane conditions of confinement.

      Plaintiff names the following individual defendants: Wackenhut Corrections Corporation; Margaret Minnici, Administrator of Health Services at Taft; Jonathan Akanno, a medical doctor at Taft,  Robert Spack, a medical doctor at Taft, Marshall Lewis, a doctor employed a the Pacific Orthopedic Medical Group in Bakersfield; Bob Stiefer, Chief of Security at Wackenhut Correctional Corporation; John Uzzle, Food Services Supervisor at Taft; B. Maness, a Food Services Supervisor.

      The incident that gives rise to this lawsuit occurred on April 7, 2001, while Plaintiff was working in the butcher shop.  Plaintiff slipped on a cart "which was placed haphazardly" in front of the butcher shop door.  Plaintiff was seen by medical staff, and placed in a bilateral sling.  On April 9th, Plaintiff was x-rayed, and diagnosed with a possible fracture of both elbows.   Plaintiff was referred to the orthopedic clinic in Bakersfield.

      On April 12, 2001, plaintiff arrived at Receiving and Discharge for transportation to Bakersfield. Officer Williams directed Plaintiff to don a jumpsuit. Despite Plaintiff's protestations of pain, he donned the jumpsuit.  Williams also made Plaintiff wear a "black box" mechanical restraint device on his wrists, despite Plaintiff's statement regarding his medical condition.   At the doctor's office, "they" refused to take the black box off of his wrists.

      Between April 13 and April 18, 2001, Plaintiff was unable to carry his food tray. "Medical" failed to provide an alternative means for Plaintiff to receive his meals.  Plaintiff was

1  also unable to bathe himself.   Plaintiff also alleges that "medical" reduced his medication and
2  failed to respond to Plaintiff's needs.
3         On May 31, 2001, Plaintiff became aware that he was scheduled to work the following
4  Sunday.   On Saturday, Plaintiff appeared at sick call and explained to the nurse that he was not
5  formally released by the doctor for work.   The nurse advised Plaintiff to return to sick call on
6  Wednesday.   Plaintiff appeared for work on Sunday.  Ms. Maness "forced" Plaintiff tow ork
7  under the threat of being placed in Detention Segregation.   He complaint to Ms. Maness about
8  his condition.  She directed Plaintiff to mop the kitchen floor.    Plaintiff continued to work, at
9  Ms. Maness's direction, for the next three days.  Plaintiff's tasks included washing walls.
10 Plaintiff eventually went to sick call, where the doctor informed him that "you should not have
11 been permitted to work."  Plaintiff was placed on two week unit restriction and light duty.
12 Immediately after the two week restriction, Plaintiff was again forced to work in food service.
13 The next Saturday, Plaintiff was directed to shovel manure in the baseball field.
14         On June 20, 2001, Plaintiff was again forced to wear the black box for a visit to an
15 outside clinic.  Plaintiff showed his injuries from the black box and waist chain.  The physcian,
16 defendant Lewis, advised Plaintiff that "I am only responsible for the treatment of the initial
17 injury, however, if you have an additional problem, you will have to consult with the insitutional
18 doctor."
19        The court is required to screen complaints brought by prisoners seeking relief against a
20 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
21 The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
22 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
23 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
24 § 1915A(b)(1),(2); See Barren v. Harrington, 152 F. 3d 1193 (9th Cir. 1998).
25        Lawsuits against federal officials for constitutional deprivations that occur under color of
26

federal law are actionable pursuant to Bivens. Like state prisoners suing under 42 U.S.C. § 1983, federal prisoners proceeding under Bivens may sue relevant officials in their individual capacity only. While this doctrine provides for private rights of action for violations of the Fourth Amendment, Bivens, 403 U.S, 388 (1971), the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment Due Process Clause, Davis v. Passman, 442 U.S. 228 (1979), the U.S. Supreme Court has been reluctant to extend Bivens to claims where Congress has already provided "an avenue for some redress." Correctional Services Corporation v. Malesko, 534 U.S. 61, 68-69 (2001)(declining to infer a constitutional tort remedy against a private corporation.); Libas Ltd. v. Carrillo, 329 F.3d 1128, 1130 (9th Cir. 2003)(precluding Bivens claims where Congress has provided an alternative remedy).

In Malesko, the Supreme Court was confronted with a claim similar to the case before the court in this action. Malesko involved a Bivens claim against a private prison contractor for an Eighth Amendment violation. Chief Justice Rehnquist reviewed the background of Bivens, noting that it is a judicially created measure crafted to provide a remedy where none existed. Chief Justice Rehnquist noted that the Supreme Court declined an invitation to extend Bivens to permit suit against a federal agency, even though the agency was otherwise amenable to suit. FDIC v. Meyer, 510 U.S. 484-486 (1994). The Court specifically held that

> From this discussion, it is clear that the claim urged by respondent is fundamentally different from anything recognized in *Bivens* or subsequent cases. In 30 years of *Bivens* jurisprudence we have extended its holding only twice, to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct. Where such circumstances are not present, we have consistently rejected invitations to extend *Bivens*, often for reasons that foreclose its extension here.

Malesko, 534 U.S. at 70.

The only circuit courts that have addressed the issue since Malseko are the Tenth Circuit

and the Fourth Circuit. Both courts, following Malesko, have declined to extend Bivens to hold individual employees of a private corporation liable.

The Tenth Circuit, in Peoples v. CCA Detention Centers, 422 F.3d 1090 (10th Cir. 2005), refused to recognize a Bivens claim against individual employees of a private corporation housing pretrial detainees pursuant to a contract with the United States. The Peoples court followed the reasoning of Malesko that the purpose of Bivens is to provide an otherwise nonexistent cause of action against individual officers or to provide a cause of action for a plaintiff who lacked any alternative remedy. Peoples, 422 F.3d at 1099-1100. The plaintiff in Peoples, as did the plaintiff in Malesko, had an alternative remedy.

The Fourth Circuit, in Holly v. Scott, 434 F.3d 287 (4th Cir. 2006), *cert. denied* – U.S. – , 126 S.Ct. 2333 (2006), reiterated that the purpose of Bivens was to deter individual "federal officers" from committing constitutional violations. The court went on to hold that employees of a private corporation under contract with the Federal Government were not "federal officials, federal employees, or even independent contractors in the service of the federal government. Instead, they are employed by GEO, a private corporation." Id. at 292. The court emphasized that in the context of constitutional claims raised under 42 U.S.C. § 1983, courts have insisted that as a prerequisite to liability, the "conduct allegedly causing the deprivation of a right be fairly attributable to the state." Id. (*citing* Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982)). There was no suggestion in Holly, however, "that the federal government [had] any stake, financial or otherwise, in GEO. Nor [was] there any suggestion that federal policy played a part in defendants alleged failure to provide adequate medical care, or that defendants colluded with federal officials in making the relevant decisions." Id.

The Fourth Circuit also expressed its reluctance to extend Bivens on the basis that Bivens . . . is a judicial creation" without legislative sanction. Id. As such, the court noted that the "danger of federal courts' failing to 'respect the limits of their own power' increases

5

exponentially" with the extension of Bivens to such circumstances. Id. The court also recognized the availability of superior causes of action available to plaintiff under the state law of negligence and concluded that the extension of a judicially implied remedy was therefore inappropriate. Id. at 295-296.

Here, the facts alleged square with Malesko. Plaintiff names as defendants individuals working for a private correctional corporation for violations of his civil rights. This court finds the holdings of the Tenth and Fourth Circuit Courts of Appeal persuasive. This court too cannot ignore the reluctance of the United States Supreme Court to extend Bivens as Bivens is "implied without any express congressional authority whatsoever." Holly v. Scott, 434 F.3d 287, 290 (4th Cir. 2006). Further, as in Peoples and Holly, Plaintiff has alternative and superior remedies available to him in state court.[1] In light of the existing alternative remedies available to Plaintiff, the court finds that extending Bivens would not provide Plaintiff with an otherwise nonexistent cause of action. Nor would extending Bivens deter future unconstitutional conduct by federal officers as the Defendants are employees of a private corporation. As such, the court finds that this case does not present circumstances warranting the extension of Bivens.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate

---

[1] Plaintiff may bring an action under the state law of negligence and for medical negligence. Ca. Civ. Code §§ 1714, 1714.8, 333.2, 352.3. As noted by the U.S. Supreme Court in Malesko, the Eighth Amendment deliberate indifference standard is heightened and more difficult to prevail on than a theory of ordinary negligence. Malesko, 534 U.S. at 74 (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994)("[D]eliberate indifference describes a state of mind more blameworthy than negligence.")).

Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     September 12, 2006**              /s/  William M. Wunderlich
mmkd34                                  UNITED STATES MAGISTRATE JUDGE